**WISENER v. TRAPP et al.  (8 Div. 952.)**

Supreme Court of Alabama.   Oct. 20, 1927.

1. **Tenancy in common** ⬰15(10)—**Evidence of adverse possession of warehouse for over 10 years held sufficient to defeat title of cotenants knowing of adverse claim.**

Evidence that complainant had adverse possession of warehouse for over 10 years, repaired the same, paid taxes thereon, and claimed the property as his own to the knowledge of defendants, *held* sufficient to operate as disseisin of them as cotenants and to defeat their title.

2. **Quieting title** ⬰44(5)—**Complainant in statutory suit to quiet title makes prima facie case by showing peaceable possession and no suit pending (Code 1923, § 9905 et seq.).**

In cases of bills to quiet title under Code 1923, § 9905 et seq., complainant makes out prima facie case by showing peaceable possession and that no title suit was pending at the time the bill was filed.

3. **Quieting title** ⬰52—**Where complainant, in statutory suit to quiet title, failed to prove no title suit was pending, decree denying relief held proper (Code 1923, § 9905 et seq.).**

Where complainant in suit to quiet title under Code 1923, § 9905 et seq., failed to prove that no title suit was pending at the time he filed his bill testing the defendants' claims, decree denying relief *held* proper.

4. **Partition** ⬰46(1)—**Cotenants held not entitled to partition where all parties interested were not joined.**

Cross-complainants, in suit to quiet title asking for division among tenants in common, *held* not entitled to relief, where it appeared from the evidence that numerous others had interests similar to that of cross-complainants and were necessary parties to any suit for division.

5. **Specific performance** ⬰114(2)—**Allegations that plaintiff paid note which he and others had indorsed and was never repaid held insufficient to show contract to purchase maker's warehouse authorizing specific performance.**

In suit to quiet title to warehouse, allegations that plaintiff had paid note of company owning warehouse, which he and others had indorsed, and that he had never been repaid, *held* insufficient to show contract to purchase the warehouse, entitling plaintiff to any relief by way of specific performance in connection with relief to quiet title, and demurrer to amendment containing such allegations was properly sustained.

Appeal from Law and Equity Court, Franklin County; B. H. Sargent, Judge.

Bill in equity by D. Y. Wisener against J. W. Trapp and another and cross-bills by the respondents. From a decree dismissing the original and cross-bills, complainant appeals, and respondents cross-assign errors. Modified and affirmed.

---

⬰For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The bill as first amended was a statutory bill to quiet title. The respondents answered, making their answers cross-bills, setting up that the possession of complainant is the possession of himself and the respondents, and that complainants and respondents are tenants in common of the property, holding the legal title, and each owning an undivided one-third interest; that complainant has been collecting the rents and profits from the property for the use of the three tenants in common, but has not accounted to respondents for their shares of said rents and profits. The prayer is for ascertainment of the interests of respondents, if not a one-third interest each, for an accounting as to rents and profits, and for a sale of the property for distribution among the joint owners.

By the amendment dated January 7, 1925, complainant adds the following paragraphs to his bill:

"D. Complainant avers that he purchased the house and lot described in original bill in this case about 1911 or 1912, went in possession of the same under his purchase, and paid the purchase money therefor in full, amounting, to wit, $1,166.85, and has been in possession of said house and lot under said purchase since, to wit, 1911 or 1912.

"E. Complainant avers that the Farmers' Union Warehouse Company of Phil Campbell, Ala., owed the Tennessee Valley Fertilizer Company the sum of, to wit, $1,166.85, which was evidenced by note that this complainant and the respondent J. W. Trapp and one J. B. Rivers were sureties or indorsers on said note, and complainant avers that the said Tennessee Valley Fertilizer Company was pressing and insisting on a settlement and payment of this note and pressing this complainant as surety or indorser thereon for settlement, and that he paid the said $1,165.85 to the said Tennessee Valley Fertilizer Company for the said Union Warehouse Company at Phil Campbell, and plaintiff avers that said debt has never been paid for the said Farmers' Union Warehouse Company to this complainant and no one has paid it for said warehouse company, and that said debt with the interest thereon is still unpaid to this complainant."

Complainant prays that he be decreed to be the owner of the property described; or, if not entitled to such relief, that he be decreed to be a purchaser in possession, having paid the full purchase price, and vested with full and complete title by virtue of his purchase; or, if in error in the relief prayed, that the full amount of principal and interest due him by Farmers' Union Warehouse Company be ascertained, judgment rendered in his favor for such amount, less rents collected, after deducting taxes, etc., and the property sold for payment of the amount due complainant.

Demurrer to this amendment being sustained, complainant amended by striking it, leaving his bill as first amended.

Williams & Chenault, of Russellville, for appellant.

Complainant having been in open, exclusive and adverse possession for more than 10 years under his purchase, his possession ripened into a good title, and he was entitled to maintain a bill to quiet title. McDermond v. Hamly, 205 Ala. 522, 88 So. 848; Home Loan Co. v. Calhoun, 213 Ala. 408, 104 So. 797. Complainant's possession was adverse; he was not required to file notice of adverse claim. Cannon v. Prude, 181 Ala. 629, 62 So. 24; Short v. De Bardeleben, 208 Ala. 356, 94 So. 285; 2 C. J. 251; Vandegrift v. So. Min. L. Co., 166 Ala. 312, 51 So. 983. It was not necessary, to maintain the bill to quiet title, to show legal title in complaint. Jordan v. McClure L. Co., 170 Ala. 289, 54 So. 415; Kendrick v. Colyar, 143 Ala. 597, 42 So. 110.

Key & Key, of Russellville, for appellees.

The possession of one tenant in common is the possession of all. Fuller v. Sockwell, 203 Ala. 525, 84 So. 751; Winsett v. Winsett, 203 Ala. 373, 83 So. 117.

GARDNER, J. The bill in this cause was filed by appellant against J. W. Trapp and J. F. Lauderdale, and as last amended was one to quiet title under the statute. Section 9905 et seq., Code of 1923.

[1] Complainant, with respondents and a number of others, organized an unincorporated association known as the Farmers' Union Warehouse Company. A warehouse was purchased by the company in the town of Phil Campbell. The company became indebted beyond its capacity to pay. Complainant, with respondents and one other stockholder (as they were so designated), were indorsers on the note which was in an amount equal to the value of the warehouse. There were two or three hundred members or stockholders. At a meeting called for the purpose of considering the best course to pursue as to this indebtedness, a resolution was passed that the directors execute a deed to this warehouse to complainant in consideration of his payment of the company's indebtedness. At this meeting the number of members present are estimated between thirty and fifty. Respondent Lauderdale was present and acting as secretary. Respondent Trapp is shown to have had knowledge thereof, but does not seem to have been present. Complainant paid the debt due by the company and took possession of the warehouse, repairing the same and paying the taxes due thereon, claiming the property as his own. No deed was ever executed, but the evidence shows a continuous adverse possession of the property by complainant for more than ten years under claim of ownership.

The evidence discloses that such adverse possession under claim of ownership was

known to these respondents, and was such as to operate as a disseisin of them as co-tenants and defeat their title. Winsett v. Winsett, 203 Ala. 373, 83 So. 117; Kidd v. Borum, 181 Ala. 144, 61 So. 100, Ann. Cas. 1915C, 1226; Miller v. Vizard Inv. Co., 195 Ala. 467, 70 So. 639; Ala. F. & I. Co. v. Broadhead, 210 Ala. 545, 98 So. 789.

[2] In cases of bills to quiet title under the above-cited statute, complainant makes out a prima facie case for relief by showing peaceable possession and that no suit was pending at the time of the filing of the bill to test defendants' claim of title, and upon such proof is entitled to a decree adjudging defendants' claim invalid unless he establishes a good title. Burkett v. Newell, 212 Ala. 183, 101 So. 836; McDermond v. Hamby, 205 Ala. 522, 88 So. 848.

[3] The evidence very clearly establishes the peaceable possession by complainant, and, as above indicated, complainant would have been entitled to relief against these respondents, but for a failure of proof that no suit was pending at the time the bill was filed testing respondents' claim. This is essential to be established in cases of this character. Parker v. Boutwell, 119 Ala. 297, 24 So. 860; Shannon v. Long, 180 Ala. 128, 60 So. 273. The averment as to this essential feature is found in paragraph B of the bill as amended September 13, 1924, and doubtless the fact that the answers of the respondents denied all the allegations in said paragraph escaped attention and placed the burden upon complainant.

We have read the evidence with much care, and fail to discover proof of this essential averment. In the absence of this proof, therefore, the chancellor's decree denying relief is correct, but will be modified here so that the dismissal of the bill will be without prejudice to complainant's right to file another bill of like character, if he so desires.

[4] It is to be understood that the discussion of the evidence of adverse possession is confined in its effect to these respondents. As to other members of the company this litigation is not concerned, as they are not parties to this cause. What has been said suffices to show that cross-complainants were not entitled to a sale of the property for division as among tenants in common, and also upon the additional ground that it appears there were numerous others who were necessary parties to any such suit.

As a bill to quiet title under the statute, the original bill was clearly demurrable and needs no discussion here, especially in view of the fact that complainant received the full benefit of such a bill in the bill as last amended. This assignment of error is without merit.

[5] Nor was there error in sustaining the demurrers to the bill as amended January 7, 1925. The only argument advanced upon this assignment of error is that complainant had a right to ask for relief by way of specific performance of the contract of purchase in connection with relief to quiet title. But without regard to any other consideration, the facts alleged failed to show such a contract entered into by those having an interest in the property as to justify such relief.

The decree of the court below will be here affirmed with the modification as hereinbefore indicated.

Modified and affirmed.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.