(125 So. 221)

## CITY OF MOBILE v. GRAYSON, Judge.

### (1 Div. 561.)

Supreme Court of Alabama.   Dec. 19, 1929.

Vincent F. Kilborn and Carl M. Booth, both of Mobile, for petitioner.

Inge, Stallworth & Inge, of Mobile, for respondent.

BROWN, J.   This is an original application for mandamus to Hon. Claude A. Grayson, the presiding judge of the circuit court of Mobile county, commanding him to vacate an order entered in the case of City of Mobile v. Alabama Power Company, recusing himself, and to proceed with trial.

As appears from the petition and return to the rule nisi, the defendant in said case, the Alabama Power Company, enjoys a monopoly in the business of furnishing to the city of Mobile and its inhabitants, electricity for lighting and power.   That the subject-matter of the action now pending is money alleged to have been collected by the defendant in excess of the legal rate as fixed by the Public Service Commission; that the city of Mobile, the plaintiff in the case, is one of the defendant's 7,000 customers, and in respect to the issues of law and fact presented in said case, is situated as are all of its other customers, who, if the plaintiff is entitled to recover, have a like cause of action resting upon the same issues of law and fact, and the

350

pending case was brought and is prosecuted as a test case.

The judge who has recused himself is one of said customers, and it not appearing that a jury was demanded (Code 1923, §§ 8593, 8594), if he is required to sit, will be called upon to determine, not only the questions of law presented, but the issues of fact.

Under our statutory system conferring upon the Chief Justice the power of supervision over nisi prius courts, and to supply such courts with judges from other circuits, where the public business requires (Code 1923, §§ 6699, 10295, 10297), the doctrine of necessity, to the effect that wherever it becomes necessary for a judge to sit, even when he has an interest, if no provision is made for calling another, or where no other judge without such interest can take his place, it is his duty to hear and decide, however disagreeable it may be, applied in Evans v. Gore, 253 U. S. 245, 40 S. Ct. 550, 64 L. Ed. 887, 11 A. L. R. 519, and usually applicable to tax litigation, cannot be invoked in this case. For a full statement of this doctrine, see 15 R. C. L. 541, § 29; Bliss v. Caille Bros. Co., 149 Mich. 601, 113 N. W. 317, 12 Ann. Cas. 513; Galey v. Commissioners of County of Montgomery, 174 Ind. 181, 91 N. E. 593, Ann. Cas. 1912C, 1090.

■■ It may be conceded that an interest in the question of law presented does not disqualify a judge from sitting, or justify his recusation; but our decisions founded upon the stern morality of the common law, designed to preserve the confidence of the people in the courts as impartial tribunals in the administration of justice, disqualify a judge from sitting in a case where he is interested in the issues of fact which he is called upon to determine, though his conclusion may not affect, immediately, his personal interest. Medlin v. Taylor, Judge, 101 Ala. 239, 13 So. 310; Ex parte Cornwell, 144 Ala. 497, 499, 39 So. 354; Bryce v. Burke, Probate Judge, 172 Ala. 219, 55 So. 635. See, also, Gill v. State, 61 Ala. 169; Regents of University of Cal. v. Elizabeth Turner, as Adm'x, 159 Cal. 541, 114 P. 842, Ann. Cas. 1912C, 1162; Sigourney v. Sibley, 21 Pick. (Mass.) 101, 32 Am. Dec. 248; 15 R. C. L. 530, § 18; State of Washington ex rel. F. T. Barnard v. Board of Education of City of Seattle et al., 19 Wash. 8, 52 P. 317, 40 L. R. A. 317, 67 Am. St. Rep. 706; Reg. v. Recorder, 4 Jur. N. S. 334; Meyer v. San Diego, 121 Cal. 102, 53 P. 434, 41 L. R. A. 762, 66 Am. St. Rep. 22.

We are therefore of opinion that Judge Grayson's situation was such as justified him in recusing himself, and that the mandamus should not issue.

Mandamus denied, and petition dismissed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.