169 So. 319

## GENERAL CONST. CO. v. TENNESSEE VALLEY SAND & GRAVEL CO.

### 8 Div. 673.

Supreme Court of Alabama.

June 11, 1936.

Rehearing Denied July 16, 1936.

Street, Bradford & Street, of Guntersville, and Thos. E. Orr, of Albertville, for appellant.

Jos. H. Nathan, of Sheffield, and Claud D. Scruggs, of Guntersville, for appellee.

ANDERSON, Chief Justice.

The appellee, the Tennessee Company, brought an action at law against appellant, who proceeded, under the statute, to have the cause transferred to the equity side of the docket and which was done with the consent of the appellee, the plaintiff in the action at law. So, this court is not concerned with the propriety or correctness of the transfer.

The appellant then filed its bill in equity setting up a recoupment arising out of the breach of warranty or misrepresentation in the sale of a certain barge which was the basis of the consideration for which the action at law was brought, also for the breach of a contract of sale of certain sand and gravel.

■ While the rule of pleading is perhaps not as strict and technical in equity as at law, we are not disposed to differ with counsel for appellant that an answer should either deny or set up matter in avoidance of the averments of the bill of complaint.

As to that feature of the bill of complaint proceeding on the contract for the sale of the sand and gravel, the answer expressly and unequivocally denies the existence of such a contract.

■ As to the averments as to the breach of warranty or misrepresentation as to the size of the barge, while the answer is not as explicit as it might be, it, in effect, sets up a course of conduct showing that the appellant did not rely upon the representation as to the size of the barge and waived the same if made.

It is true, that in the opening of negotiations for the acquirement by appellant of a barge, it was understood that said barge was to be 80 feet long and 22 feet wide, and the barge in question was, in fact, not quite so long or wide. The proof, however, shows that the purchase was not made until two of the appellant's officers or agents went to Florence and inspected the King, a boat, the hull of which was converted into the barge, and the shortage in size was patent and was either known or could have been ascertained. Indeed, there is proof that Perkins, appellant's agent, stepped or measured the hull of the boat. In addition to this, they discussed the dismantling of the boat, what parts should be taken off, and what should remain the hull in the conversion of same into the barge. It also appears that when the work was done and the barge was delivered or ready for delivery, a controversy arose not as to the size of the barge, but as to the parts taken off and left on same, and this controversy was settled, and not one word was ever said as to a discrepancy in the size of the barge. Nor did the appellant ever, until the suit was brought, make any point as to shortage in length or width, but agreed to pay the purchase price and procured an extension of time for the payment of same.

We agree with the trial court that there was no consummation of the contract for the sale of the sand and gravel.

The decree of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.