33 So.2d 877

**COOK v. BENTON et al.**

2 Div. 230.

Supreme Court of Alabama.
Oct. 30, 1947.

Rehearing Denied Feb. 26, 1948.

Pitts & Pitts and Wilkinson & Wilkinson, all of Selma, and Hugh A. Locke, of Birmingham, for appellant.

Clifton C. Johnston, of Marion, for appellees.

LIVINGSTON, Justice.

This litigation was commenced on March 6, 1942, by bill of complaint filed in the Circuit Court, in Equity, of Perry County, by Margaret H. Benton and Henry W. Hudson against T. E. Cook. The bill sought specific performance of a contract to convey lands, or, in the alternative, to have a deed conveying the lands involved from Mrs. Benton to Cook, and a contract executed contemporaneously therewith declared a mortgage, and to redeem. It was alleged that the complainant Henry W. Hudson had purchased all of the right, title and interest of complainant Margaret H. Benton in and to the lands involved.

On former appeal we held that the trial court correctly overruled demurrers to the bill as a whole, and to each aspect thereof. Cook v. Benton et al., 245 Ala. 683, 18 So.2d 405.

Later complainants amended their bill, alleging that respondent Cook went into possession of the lands after the execution of the deed and contract, and has held possession continuously since, and has committed waste, and negligently failed to keep the fences, houses, etc., on said lands in repair. The bill, as amended, prays that respondent be charged with the reasonable rent of said property during the time he has been in possession, and for damages to said property caused or allowed by him.

By answer and cross bill respondent Cook sought to have the deed executed by Margaret H. Benton and husband, Harmon Benton, conveying the lands to Hudson, declared null and void and of no effect, and to have the same removed as a cloud on his (Cook's) title, and that he (Cook) be declared to be the owner of said lands; and, in the alternative, that if he was not the owner of said land that he be subrogated to all the rights of the mortgagees whose mortgages he had paid in full, together with interest thereon, and that he be reimbursed for such expenditures, together with all taxes paid by him on said lands since the execution and delivery of the deed conveying the lands to him by Mrs. Benton.

The trial court found that the deed from Margaret H. Benton and husband to T. E. Cook, dated March 12, 1941, together with the contemporaneous agreement executed in connection therewith, constituted a mortgage to secure the payment of the amount set out in said contemporaneous agreement; that complainant Henry W. Hudson, by deed from Margaret H. Benton and husband, succeeded to all the rights of Margaret H. Benton in and to the lands involved. The court decreed that upon the payment of the amount due respondent Cook, Hudson was entitled to redeem the lands involved, and to be reinvested with the title thereto, free from all claim or incumbrances under the deed to Cook and the contemporaneous agreement between Mrs. Benton and Cook.

The trial court found that Hudson was due Cook the sum of $1704.60 on the date of the filing of the original bill of complaint, together with interest at six per cent. per annum to the date of the lower court's decree, and which interest the trial court found to be $279.48.

The lower court further found that Cook had since the beginning of this litigation,

paid the two mortgages outstanding against the lands involved, and was entitled to be reimbursed for such payments, together with interest at six percent. from the dates of such payments. It further found that Cook had paid the taxes on the lands involved, and was entitled to reimbursement for said payments, together with six per cent. interest. The lower court also found that Cook had placed improvements on said lands of the value of $1500, and decreed that he be paid therefor. The court further found that the reasonable rental value of said lands was $550 per annum, and charged Cook with five years' rent. In paying the mortgages to the Federal Land Bank of New Orleans and to the Land Bank Commissioner, Cook was allowed a credit of $150 which represented the capital stock in the Federal Land Bank. This amount was charged to Cook and credited to Hudson in the trial court's statement of the accounts between the parties. The trial court found that the total amount due by Hudson to redeem was $7013.46, and of this amount Hudson had already paid into court the sum of $609.27, leaving a balance due by Hudson of $6404.19, as of the date of the decree of the trial court. Cook appealed.

Contemporaneously with the execution and delivery of the deed conveying the lands involved from Mrs. Benton and husband to Cook, the parties executed a written contract as a part of the transaction. A copy of this agreement is set out in the report of the case.

The principal argument here made is that the trial court erred in holding that the transaction between Mrs. Benton and Cook constituted an equitable mortgage.

■ The real test of whether a transaction is a mortgage is whether or not it was made to secure a debt. If the transaction was entered into for the purpose of securing a debt it is a mortgage; but if there is no debt secured by it, it cannot be a mortgage. In Knaus v. Dreher, 84 Ala. 319, 320, 4 So. 287, 288, Chief Justice Stone in writing the opinion said: "To establish the proposition that the conveyance, absolute in form, was in intention and in fact only a mortgage security, there must be a continuing binding debt from the mortgagor to the mortgagee to uphold it,—a debt in its fullest sense. Not a mere privilege reserved in the grantor to pay or not at his election, but a debt which the grantee can enforce as a debt, and for its collection may foreclose the conveyance as a mortgage. Where there is no debt there can be no mortgage; for, if there is nothing to secure, there can be no security."

■ It is to be noted that in the agreement between Mrs. Benton and Cook, Cook "agreed to and with the parties of the first part that he would pay the delinquent amounts due on said two mortgages *for parties of the first part* upon the following agreements, covenants and conditions" (emphasis ours). The agreement further provides, "should, however, Margaret H. Benton, or any one for her, at her request, pay to the party of the second part (Cook), *the sum herein agreed to be paid to him*" (emphasis ours). The foregoing excerpts from the written agreement clearly indicate the existence of a debt owing by Mrs. Benton to Cook. This, with other evidence which we deem unnecessary to detail, is clearly sufficient to sustain the finding of the trial court.

■ Most of the witnesses testified orally before the lower court. We cannot say that the finding of that court was palpably wrong; and the well established rule is, that under such circumstances the judgment of a lower court will not be disturbed. Puckett v. Puckett, 240 Ala. 607, 200 So. 420; Bonds v. Bonds, 234 Ala. 522, 175 So. 561; Murphy v. May, 243 Ala. 94, 8 So.2d 442; Randolph v. Randolph, 245 Ala. 689, 18 So.2d 555.

Affirmed.

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.