50 So.2d 406

### MERCHANTS NATIONAL BANK OF MOBILE v. LOTT.

#### I Div. 389.

Supreme Court of Alabama.

Feb. 8, 1951.

J. B. Blackburn, of Bay Minette, for appellant.

134

McCorvey, Turner, Rogers, Johnstone & Adams, of Mobile, for appellee.

LIVINGSTON, Justice.

The Merchants National Bank of Mobile, as executor of the last will and testament of Martha P. W. Reeves, deceased, brought this suit in the Circuit Court, in Equity, of Baldwin County against Agnes B. Lott to redeem certain described lands from an alleged void tax sale. Upon submission of the cause, the trial court rendered a decree denying relief. Appellant filed a motion for a new trial which was denied, hence this appeal.

The lands sought to be redeemed are described as follows: "That certain lot or parcel of land, beginning at the Southeast corner of Lot Number 5, running thence West to East boundary line of Lot Number Eight, 20.28 chains; thence South 10 degrees East 2.68 chains to Northwest corner of Lot Number Seven; thence South 76 degrees East 15.60 chains; thence South 9.00 chains to Mobile Bay; thence following the meanders of Mobile Bay and Weeks Bay to the place of beginning, containing 24 acres, more or less, according to plat and survey of N. L. Durant, September 5, 1899 and being Lot Number 6 in Section 4, Township 8 South, Range 2 East, Baldwin County, Alabama, according to the official plat thereof recorded in Deed Book 2 N.S. at pages 646–7, Baldwin County, Alabama Records."

Martha P. W. Reeves died in 1927, seized and possessed of said lands. On August 9, 1927, letters testamentary were granted to the Merchants National Bank of Mobile by the Probate Judge of Baldwin County to execute the will of Martha Pearl Weber Reeves, deceased. Thereafter the above

described lands were assessed to the bank, as executor. On July 8, 1931, the land was sold for the non-payment of the 1930 taxes and the State of Alabama became the purchaser. On December 15, 1937, the State Land Commissioner conveyed the property to E. H. Bailey who in turn conveyed it to appellee, Mrs. Agnes B. Lott, on June 18, 1938.

This suit to redeem was instituted by the bank on November 25, 1947. Appellant insists that the tax sale is void and, as a consequence, it has a right to redeem. On the other hand, appellee claims that the tax sale is valid, and further, that although the tax sale is void, appellant's action to redeem was barred at the time of the commencement of the suit by virtue of the provisions of section 295, Title 51, Code, generally referred to as "the short statute of limitations," which section reads as follows: "No action for the recovery of real estate sold for the payment of taxes shall lie unless the same is brought within three years from the date when the purchaser became entitled to demand a deed therefor; but if the owner of such real estate was, at the time of such sale, under the age of twenty-one years, or insane, he, his heirs or legal representatives, shall be allowed one year after such disability is removed to bring suit for the recovery thereof; but this section shall not apply to any action brought by the state; nor to cases in which the owner of the real estate sold had paid the taxes, for the payment of which such real estate was sold, prior to such sale; nor shall they apply to cases in which the real estate sold was not, at the time of the assessment, or of the sale, subject to taxation."

■■ The above quoted statute has application to cases where the land is purchased from the State as well as instances where the purchase is made from the tax collector. Doe ex dem. Evers v. Mathews et al., 192 Ala. 181, 68 So. 182; Howard v. Tollett, 202 Ala. 11, 79 So. 309; Odom v. Averett, 248 Ala. 289, 27 So.2d 479. But the statute does not begin to run until possession of the land is taken. Loper v. E. W. Gates Lumber Co., 210 Ala. 512, 98 So. 722, 723; Odom v. Averett, supra.

■ Although the tax deed was invalid, it gave color of title and possession held under it is adverse. Pugh v. Youngblood, 69 Ala. 296; Odom v. Averett, supra.

In the instant case, we may well pretermit a consideration of the validity of the tax deed if the evidence establishes that the purchaser at the tax sale, and her grantee, took and held adverse possession of the land conveyed by the tax deed for the period of time provided for in section 295, supra.

■ Where, as here, the evidence is taken before a commissioner, this Court must sit in judgment on the facts, as if at nisi prius, and arrive at a just conclusion without the aid of any presumption favoring the decision of the trial court on the issues presented. Turnipseed v. Moseley, 248 Ala. 340, 27 So.2d 483, 170 A.L.R. 882. This duty we have performed, and are clear to the conclusion that section 295, supra, is a bar to appellant's right to the relief sought.

It is not denied that the land involved was purchased by the State of Alabama at tax sale on July 8, 1931, for the unpaid taxes for the year 1930; that the State Land Commissioner conveyed said land to Mrs. E. H. Bailey by deed dated December 15, 1937, and that Mrs. Bailey conveyed it to Mrs. Agnes B. Lott, appellee here, by deed dated June 18, 1938.

Appellee's evidence tended to prove that immediately upon the execution and delivery of the deed of the State Land Commissioner to her, Mrs. Bailey, acting by and with her agent, W. O. Lott, the husband of Agnes B. Lott, took possession of the land, and that Mrs. Bailey and Mrs. Lott continued in possession until this suit was filed; that W. O. Lott owned other lands adjoining that here involved, and had owned the same since about 1924 or 1925; that W. O. Lott employed one Nelson to look after or watch over all of said lands to prevent timber stealing, trespassing, and any possession which might be acquired by "squatters"; that one Morgan did, in February 1938, take possession of a house located on the land here involved; that later W. O. Lott entered into a rental

agreement with said Morgan, and that Morgan continued as such tenant for a period of some eighteen months although he did not pay all the rent as agreed,—all of which is shown by written correspondence between Lott and Morgan; that after Morgan vacated the house, at the instance of W. O. Lott, it was rented to one Beatty who occupied the house for some time; that the house was later destroyed by fire; that all taxes due on the property were assessed to and paid by Mrs. Bailey and Mrs. Lott from the time Mrs. Bailey purchased the land from the State of Alabama; that Nelson continued to look after the property until his death in 1943; and that after the death of Nelson, Mrs. Lott, acting through her husband and agent, W. O. Lott, continued in possession of the land, without interruption until this suit was filed.

Appellant's evidence did tend to disprove the possession of Mrs. Bailey and Mrs. Lott, but it was more or less of a negative character.

■ We are convinced from a careful consideration of the entire record that the possession of Mrs. Bailey and Mrs. Lott was amply sufficient to satisfy the requirements of section 295, supra, "the short statute of limitations".

Moreover, we are clear to the conclusion that the appellant intended to, and did, abandon the lands here involved. No taxes were paid by the appellant after the tax year of 1929. On February 26, 1936, appellant wrote to the attorney representing the estate of Mrs. Reeves as follows: "It appears from our records that on or about January 5, 1936, the final date for possible redemption of the real estate in Baldwin County by the executor or heirs of Martha P. W. Reeves expired and that now this the remaining asset of the estate has passed out of the control of the executor. As you are aware, all of the beneficiaries named in the will were notified but in so far as we know no definite action was taken. In view of this situation, would it be advisable for the executor to secure a discharge through the Probate Court of Baldwin County * * * and in that manner close its file. A word from you would be appreciated."

A consideration of the entire record convinces us that the appellant is not entitled to redeem from the tax sale of August 8, 1931.

Affirmed.

BROWN, FOSTER and LAWSON, JJ., concur.