66 So.2d 890

### PFAFFMAN v. CASE et al.

### I Div. 500.

Supreme Court of Alabama.

Aug. 6, 1953.

Robt. E. Hodnette, Jr., Tonsmeire & Hodnette and Howell & Johnston, all of Mobile, for appellant.

Rittenhouse M. Smith, Mobile, for appellees.

MERRILL, Justice.

The bill as last amended was in the form of a bill to quiet title to certain wild land situated in Mobile County. The manifest purpose of the bill is to redeem from an alleged void tax sale.

Complainants are the heirs at law of A. M. Walker and Eliza Walker, except A. B. Case, who is a grantee of an undivided interest of two of such heirs. A. M. Walker died in 1924 owning an undivided three-fourths interest in the property sued for and his sister, Eliza Walker, owned the remaining one-fourth undivided interest. Eliza Walker died in 1940. The title prior to the ownership of A. M. Walker and Eliza Walker is not contested in this cause.

In June 1930 the land was sold for State and county taxes due in 1929, and the State became the purchaser at the tax sale. On September 10, 1937 the State conveyed the land by tax deed to one Walter Denmark. Three days later Denmark conveyed to J. W. Hester. The next day Hester conveyed to J. C. Prine, Jr., who sold the land to the respondent, J. A. Pfaffman, by quitclaim deed on September 15, 1938. All of these deeds were promptly recorded.

The appellant admits that the tax sale was void because the land was assessed at that time to A. M. Walker who had been dead for several years. Hames v. Irwin, 253 Ala. 458, 45 So.2d 281; Webb v. Griffin, 243 Ala. 468, 10 So.2d 458. However, in his answer and cross bill appellant sets up the defense of the three year statute of limitations, Title 51, § 295, Code.

In the original decree the circuit court, in equity, granted complainants the relief prayed for and dismissed the cross-bill of

respondent, but the decree was later modified by ordering that the complainants pay the sum of $379 in back taxes and interest to the respondent, giving respondent a lien on the property for that amount. The respondent appealed from this modified decree.

The pertinent part of section 295, Title 51, Code, is as follows:

"No action for the recovery of real estate sold for the payment of taxes shall lie unless the same is brought within three years from the date when the purchaser became entitled to demand a deed therefor" * * *.

■ It is well settled that legal title draws to itself the constructive possession of unenclosed, unimproved and unoccupied lands or lots and complainants should prevail unless respondent can establish adverse possession by clear and convincing evidence. Turnipseed v. Moseley, 248 Ala. 340, 27 So.2d 483, 170 A.L.R. 882; Bradley v. Gordon, 240 Ala. 556, 200 So. 736.

This Court said in Moorer v. Malone, 248 Ala. 76, 26 So.2d 558, 559:

"The essential elements of adverse possession are: (1) the possession must be hostile and under claim of right; (2) it must be actual; (3) it must be open and notorious; (4) it must be exclusive, and (5) it must be continuous. Chastang v. Chastang, 141 Ala. 451, 37 So. 799, 109 Am.St.Rep. 45; Montgomery v. Spears, 218 Ala. 160, 117 So. 753. It may be added that, 'To constitute an actual possession of land it is only necessary to put it to such use or exercise such dominion over it as in its present state it is reasonably adapted to.' Alabama State Land Co. v. Matthews, 168 Ala. 200, 53 So. 174, 175."

The case of Odom v. Averett, 248 Ala. 289, 27 So.2d 479, holds in part that section 295, Title 51, supra, applies in equity, that although the tax deed was void, it gave color of title and possession held under it was adverse, that the statute, section 295, supra, does not begin to run until the purchaser at a tax sale became entitled to demand a deed therefor and possession is taken, and that the turpentining of pine lands is such an occupancy of land as to constitute adverse possession under some circumstances.

■ Appellees insist that the trial court should not have permitted the introduction of the tax deed from the State to Denmark or the deed from Denmark to Hester or Hester's deed to Prine because there was no evidence that either Denmark or Hester took actual possession of the land. We cannot agree with this contention. The question is decided in Long v. Boast, 153 Ala. 428, 44 So. 955, where the Court said:

"The question which is most seriously argued, and the vital question in this case, is whether, in a case like this, where the original purchaser at the tax sale never went into possession, but where his vendee did, and held it for the required length of time, the said vendee can set up this short statute of limitations. * * *

"So that in this case the purchaser at tax sale, even though the proceedings were irregular, acquired an interest in the land, to wit, a right to take possession of the land and hold it for three years, and thereby acquire title; and when he made the deed to the complainants in this case, that interest and right were conveyed to the complainants, and the complainants, by virtue thereof, took possession, and, having held possession of the land for the required time, had the right to claim the benefit of the short statute of limitations as against the respondent in this case."

The Long case, supra, also explains the case of National Bank of Augusta v. Baker Hill Iron Co., 108 Ala. 635, 19 So. 47, which appellee cites in support of his contention. For other cases dealing with grantees of purchasers at tax sales, see Hamilton v. Pruitt, 206 Ala. 58, 89 So. 79; Boone v. Gulf, F. & A. Ry. Co., 201 Ala. 560, 78 So. 956; Riley v. Fletcher, 185 Ala. 570, 64 So. 85; Doe, ex dem. Hooper v. Clayton, 81 Ala. 391, 2 So. 24; Stovall v.

Fowler, 72 Ala. 77; Dillingham v. Brown, 38 Ala. 311.

There was no material conflict in the testimony. Complainants' only witness on direct examination, a relative of some of the complainants, testified as to the relationship of the various complainants to A. M. Walker and Eliza Walker, and stated that the last time anyone lived on the land was about 1935; that the land was open and unfenced; that he knew that both J. C. Prine, Sr., and J. C. Prine, Jr., had turpentined the land; that he had hunted on the land, had some hogs running on it, and had helped put out some fires on it in previous years.

The respondent testified that he bought the property from J. C. Prine, Jr., in 1938, subject to a reservation by Prine of the right to turpentine it for four years, that he had assessed and paid taxes on the land from 1938 to 1950, that he leased it for oil and gas in 1941, and had received twenty-five cents per acre per year since that time; that he entered into an agreement with the Division of Forestry, Department of Conservation, to protect the land from fire and unauthorized trespassers and had paid them for such service since 1942. J. C. Prine, Jr., testified that he bought the property from one Hester in 1937, that he began turpentining operations in December of that year, and kept up such operations through 1941, paid taxes on the property, and built a small weather house on it to protect his workers in rain storms; that he had succeeded in getting the Forestry Division to put in fire breaks, and that he had never had any turpentining agreement with any of the complainants or their predecessors in title. · J. C. Prine, Sr., testified that he had leased the property from Mr. Pfaffman, and had turpentined it in 1942 and 1943. Owen Vickers, the district forester, testified that he had known the land since 1933; knew that the Prines had turpentined it; had known it as the "George Pfaffman property" since 1942, and that Pfaffman had paid the Division of Forestry to detect, protect and prevent fires on the property.

Complainants' rebuttal witness Macon said he had never seen the Prines engage in turpentine operations on the land, but it was his understanding that Mr. J. C. Prine did turpentine it. Complainants' rebuttal witness Wright testified that he was a timber buyer and that he had tried to buy the timber on the land from Mr. Pfaffman, but had never tried to buy it from complainants.

■ The payment of taxes on property and an occasional trip over the land looking after it do not alone constitute adverse possession. But payment of taxes along with evidence of possession is admissible to show bona fides of a claim and to illustrate the meaning of acts of possession. Bradley v. Gordon, supra.

We consider the case of Odom v. Averett, supra, to be controlling in this case both as to the law and the facts. For other recent cases dealing with wild, wooded, uncultivated lands see Moorer v. Malone, supra, and Walthall v. Yohn, 252 Ala. 262, 40 So.2d 705.

We think the trial court in reaching his decision relied chiefly upon the statement in the case of Veitch v. Hard, 200 Ala. 77, 79, 75 So. 405, 407, which reads as follows:

"A document offered as color of title is relevant and admissible in evidence for that purpose only in connection with evidence of actual possession and claim thereunder by the grantee therein. National Bank [of Augusta] v. Baker Hill Iron Co., 108 Ala. 635, 19 So. 47; Henry v. Frohlichstein, 149 Ala. 330, 43 So. 126. Hence all of the color of title deeds, except the deeds from Hard and McQueen directly to defendant, should have been excluded upon the objection and motion of plaintiff."

Under this statement of the law and its application to the instant case, Mr. Pfaffman could not avail himself of the defense of the "short statute of limitations" because he could not offer in evidence his color of title under the tax sale since the original purchaser from the State and his vendee did not go into possession. We think the Court in making the above statement quoted from Veitch v. Hard, supra, inadvertently overlooked the discussion by Justice Simpson in Long v. Boast, supra,

where he explains the nonapplication of the rule in National Bank of Augusta v. Baker Hill Iron Co., supra, and the statement by Justice De Graffenried in Riley v. Fletcher, supra, in his discussion of charge 3 in that case. We find no record that the above quoted statement of the principle has ever been followed in subsequent decisions, and it must be regarded as merely an inadvertence in failing to take notice of Long v. Boast, supra, and Riley v. Fletcher, supra.

According due consideration to the finding of the learned trial court, and indulging the required presumption in such a case, we cannot escape the conclusion that the trial court fell into error in granting the relief prayed for in the bill. It is our considered opinion, and we so hold, that the appellees were not entitled to the relief granted in the decree. It results that the decree appealed from will be reversed and one here rendered dismissing the bill as last amended and quieting title in the suit lands in favor of appellant.

Reversed and rendered.

LIVINGSTON, C. J., and LAWSON, SIMPSON and GOODWYN, JJ., concur.