139 So.2d 596

Euthema Allen BELL

v.

W. S. PRITCHARD.

6 Div. 439.

Supreme Court of Alabama.

March 29, 1962.

Pritchard, McCall & Jones and Victor H. Smith, Birmingham, for appellee.

Sam L. Reames, Birmingham, for appellant.

LIVINGSTON, Chief Justice.

The bill of complaint as amended, the answer and cross bill of respondent, tendered only one question, and that is, title to Lot 19 in Block 1, Roebuck Park Survey, in Jefferson County, Alabama, W. S. Pritchard was complainant in the court below and is the appellee here. Euthema Allen Bell was respondent in the court below and appellant here.

Appellee acquired fee simple title to certain acreage, including said Lot 19, by warranty deed from E. J. Reed and others in September 1926, and shortly thereafter divided the acreage.

Said Lot 19 was sold to the State of Alabama in 1930 for the 1929 taxes. In September, 1932, it was purportedly sold by the state, through state auditor, to one Lawler Watson, and the following month it was conveyed by statutory warranty deed by said Watson and wife to appellant, Euthema Allen Bell.

The appellant contends that she had been in such possession of the property as to make the "short statute of limitations" applicable. Sec. 295, Title 51, Code of 1940.

Complainant contends that the conveyance to Watson by the state auditor is void and that the short statute of limitations did not begin to run for failure to give notice to the owners which is required as a condition precedent under Sec. 316, Title 51, Code of 1940, and Sec. 3121, Code of 1923.

The case was tried on evidence heard ore tenus before the trial court, and the court rendered a decree in favor of W. S. Pritchard. From that decree, the respondent appealed to this Court.

▆▆ Appellee moved to dismiss the appeal on the ground that the transcript of the record was not filed in this Court within the time prescribed by Supreme Court Rule 37.

The decree of the lower court was rendered on November 14, 1958, by Hon. Robert C. Giles, one of the judges of the Tenth Judicial Circuit of Alabama. The appeal was perfected on May 7, 1959. On July 2, 1959, the appellant was granted a 30 day extension in which to file the transcript in this Court by Hon. W. A. Jenkins, Jr., another Circuit Judge of the Tenth Judicial Circuit. The transcript was filed in this Court on August 4, 1959, within the extended time. The appellee contends that the extension was not valid nor proper since it was not granted by the judge who tried the case and rendered the decree. Appellee insists that "trial judge" in Rule 37 of the Supreme Court Rules is to be interpreted to mean "the judge who tried the case and rendered the decree," and that he alone has authority to grant the extension. Rule 37 of the Revised Rules of the Supreme Court, 263 Ala. XXI, reads as follows:

> " * * * The trial judge may extend the time for filing transcript of the record in this court for good cause shown for not to exceed thirty days, * * *."

We do not think the words "trial judge" in Rule 37 meant to restrict the authority to grant an extension solely to the judge who tried the case and rendered the decree. The courts are not controlled by the literal meaning or language of a statute but by its spirit and intention. Hawkins, Judge, v. City of Birmingham, 239 Ala. 185, 194 So. 533; Davis & Co. v. Thomas, 154 Ala. 279, 45 So. 897.

▆ Such a construction as advanced by the appellee would not be in accord with the spirit and intent of Rule 37. In the first place, the jurisdiction of a circuit judge is coextensive with the state; he has authority and power in one county as in another, and every person and all property within the confines of the state come within the influence of his authority. State ex rel. Montgomery v. Merrill, 218 Ala. 149, 117 So. 473; City of Mobile v. Grayson, 220 Ala. 349, 125 So. 221, and Cook v. State, 269 Ala. 646, 115 So.2d 101. So in the light of these decisions, one judge would have just as much authority to act on a matter as another unless it clearly appears to the contrary. Numerous jurisdictions have interpreted the words "court" and "judge" to be synonymous and that they will be construed as such whenever necessary to carry into effect the obvious intent of the statute, and whether the act is to be performed by the judge or the court is to be determined by the character of the act. See Words and Phrases for judicial constructions and definitions of "court," "judge," and "trial judge." In James A. Head & Co. v. Rolling, 265 Ala. 328, 336, 90 So.2d 828, 834, we said, in respect to the interpretation of "the judge who rendered the decree," as it appears in Equity Rule 62:

"* * * But we do not agree that a party can be denied a rehearing in the circuit court because of the inability of the applicant to present the application 'to the judge who rendered the decree.' We would be compelled to construe the words trial 'judge' and trial 'court' as being synonymous when it is impossible to present the application to the judge who rendered the decree. * * *"

The foregoing has application here. We construe "trial judge" in Rule 37 to mean any judge of the court when the judge who sat and determined the case is not available. There is nothing to show whether the judge who tried the case was available or not. Nevertheless, we have before us an extension granted and signed by a circuit judge, and it appears from the extension order that the appellant had good cause for an extension. The contrary not appearing, we will presume that Judge Giles was not available and that Judge Jenkins acted within his authority. Therefore, since we find the extension valid and proper and the transcript being filed within the extended time, the motion to dismiss is denied.

### On the Merits

The complainant in his bill of complaint alleged "that there was no other suit pending to test title to the land." Appellant contends that the complainant failed to prove this averment and that his failure to prove such an averment is fatal to his relief.

Complainant's evidence does not show whether or not another suit was pending, but the appellant made no answer whatever to this averment. Equity Rule 25, Title 7, Code 1940, declares that averments not denied, nor confessed and avoided, shall be taken as admitted. Also, the appellant in his answer should state clearly the defenses he intends to avail himself of, and he cannot avail himself of any defense which is not stated in his answer, even though it should appear in evidence. Wood v. Pebbles, 121 Ala. 100, 25 So. 723; Umphrey v. Barfield, 238 Ala. 11, 189 So. 64; General Construction Co. v. Tenn. Valley Sand & Gravel Co., 232 Ala. 623, 169 So. 319; Tilley's Ala. Equity Pleading & Prac., Sec. 96. Therefore, since the appellant did not deny and put in issue the allegation of no other suit pending, it is taken as admitted and proven. The case of Wisener v. Trapp, 216 Ala. 595, 114 So. 196, cited by appellant, is not in point for the reason that in that case the answer denied the allegation that no other suit was pending.

Appellant's main contention of error is that the "short statute of limitation," or the three-year statute, barred the appellee's rights. Sec. 295, Title 51, Code of 1940, reads:

"No action for the recovery of real estate sold for * * * taxes shall lie unless the same is brought within three years from the date when the purchaser became entitled to demand a deed therefor; * * *."

Section 295, supra, applies to proceedings in equity as well as in ejectment actions; it applies to void tax sales as well as to valid sales; it applies when the land is purchased from the state as well as in instances where the purchase is made from the tax collector. Odom v. Averett, 248 Ala. 289, 27 So.2d 479; Singley v. Dempsey, 252 Ala. 677, 42 So.2d 609; Quinn v. Hannon, 262 Ala. 630, 80 So.2d 239.

Sec. 295, supra, has been held not to run until the purchaser takes adverse possession of the land and is entitled to demand a deed therefor. Odom v. Averett, supra; Lathem v. Lee, 249 Ala. 532, 32 So.2d 211; Singley v. Dempsey, supra.

There was no evidence that notice to the former owner of the land was given as required by Sec. 3121, Code 1923. Appellee argues that under the hold-

ing in Harton v. Enslen, 182 Ala. 408, 62 So. 696, this notice was a condition precedent to the right of the state auditor to make a sale and conveyance, and since there was no notice given the original owner, the appellant had no right to a deed, and since she was not entitled to a deed, the short statute of limitation never ran. We do not think this argument is sound or applicable to the facts in this case, since, in fact, the purchaser and his grantee had deeds to the land in question. The statute can run in favor of a purchaser even though he has no deed if he is entitled to one and in possession. Singley v. Dempsey, supra. Here, the purchaser has a deed and there is no question of him having to obtain one. In numerous cases dealing with Sec. 295, supra, this Court has held that even if the tax deed is void, it gives color of title, and if the purchaser takes adverse possession of the land for the requisite period of time, then the statute bars the action. Pugh v. Youngblood, 69 Ala. 296; Long v. Boast, 153 Ala. 428, 44 So. 955; Morris v. Mouchette, 240 Ala. 349, 199 So. 516; Moorer v. Malone, 248 Ala. 76, 26 So.2d 558; Lathem v. Lee, supra; Merchants Nat. Bank of Mobile v. Lott, 255 Ala. 133, 50 So.2d 406; Pfaffman v. Case, 259 Ala. 411, 66 So.2d 890.

Therefore, the question presented reduces itself to one of fact. Are the required elements of adverse possession proven?

Appellee argues that the evidence shows that possession by the appellant was permissive, that is, that appellee agreed in 1935 to let the appellant occupy Lot 19, and that appellant was to pay the taxes on it. Appellant replies with the argument that there was never such an agreement and that her possession was hostile and not permissive. Appellant claims she went into possession when she acquired her deed from the tax purchaser in 1932, and that she has held uninterrupted possession up to the filing of this suit by appellee.

The evidence showed that both appellant and appellee assessed and paid taxes on the land. The evidence also shows that appellant granted a power line permit to the Alabama Power Company in 1940; that she built a house on the land in 1941. There is some uncertainty as to whether it was a new structure or remodeling of the house which was already on the land at the time the purported agreement was made. Appellant also rented the premises up until the house burned in 1952. The insurance company recognized the appellee as the person entitled to recover for the loss by fire until he released his rights. The appellee also rented the premises and posted the land with "No Trespassing" signs. Appellee claims he did not know that appellant was claiming hostile to him until about ninety days before filing this suit, and that he was in possession of Lot 19 at the time he filed suit.

The burden of proving the possession adverse; that it was taken and held under a claim of title hostile to the title of the true owner, rests upon the party asserting it. Dothard v. Denson, 72 Ala. 541; Stewart v. Childress, 269 Ala. 87, 111 So.2d 8; White v. Williams, 260 Ala. 182, 69 So.2d 847. This last-cited case also gave expression to the principle that a permissive possession does not ripen into title unless there has been such a repudiation of the permissive possession as to afford notice of an adverse claim. In further illucidating the principle, it was held: limitations begin to run from the date of notice of hostility but are not operative before hostility is shown, and whether the possession was with the intention of claiming title is generally held to be a question of fact; a permissive occupant cannot change his possession into adverse title no matter how long possession may be continued, in absence of a clear, positive and continuous disclaimer and disavowal of title of true owner brought home to latter's knowledge, there must be either actual notice of the hostile claim or acts or declarations of hostility so manifest and notorious that actual notice will be presumed in order to change a permissive or other-

wise non-hostile possession into one that is hostile. See Lecroix v. Malone, 157 Ala. 434, 47 So. 725.

In order to work a divesture of title by adverse possession, all the essential elements must be proven by the stated measure of proof, and that proof must show that there. has been an actual occupancy, clear, definite, positive, notorious, continuous, adverse and exclusive for the requisite period under claim of right of the definite tract involved. Spradling v. May, 259 Ala. 10, 65 So.2d 494; Stewart v. Childress, supra.

We do not think appellant sustained the burden of establishing adverse possession so as to start operation of the statute of limitations. The testimony taken orally before the court below was in conflict, and having considered it very carefully, we are persuaded that the trial judge was authorized to conclude from the evidence adduced that the possession of the appellant was permissive and that there had not been such a repudiation of the permissive possession as to afford notice of an adverse claim. There were numerous facts which raised opposing inferences to be finally resolved by the decree of the trial judge who heard the witnesses testify and whose conclusion has the force and effect of a jury verdict. According the usual presumption of correctness to the conclusion attained by him, we would not be warranted in disturbing his finding. Cook v. Benton, 250 Ala. 259, 33 So.2d 877; McLeod v. Willard, 257 Ala. 672, 60 So.2d 692; Parrish v. Davis, 265 Ala. 522, 92 So.2d 897; Lewis v. Hicks, 264 Ala. 440, 87 So.2d 867, 60 A.L.R.2d 307. For the same reasons as set out above, the "ten year statutes" are of no avail to the appellant. Sec. 20, Title 7, Code 1940, and Sec. 828, Title 7, Code 1940.

The case is due to be, and is, affirmed.

Affirmed.

SIMPSON, GOODWYN and COLEMAN, JJ., concur.