358

51 So.2d 248

**EDISON v. RUSSELL et al.**

**6 Div. 91.**

Supreme Court of Alabama.

March 1, 1951.

Rehearing Denied March 29, 1951.

Chas. Denegre, of Birmingham, for appellant.

Lange, Simpson, Robinson & Somerville, of Birmingham, for appellees.

STAKELY, Justice.

Mrs. Clara M. Lacey died on July 5, 1948. A contest of her will was filed in the Probate Court of Jefferson County in August, 1948 by Hollis B. Parrish, as attorney for Mrs. Myrtle Edison (appellant). By the terms of the will Robert Russell was appointed executor. Demurrer to the allegations of the contest was sustained and a settlement was agreed upon as will be set forth. An order and decree was there-

upon entered on December 4, 1948 by the Judge of Probate "that said contest be and the same is withdrawn and terminated and said petition of contest dismissed."

On June 2, 1949 Mrs. Myrtle Edison through her present attorney, Mr. Charles Denegre, filed a contest of the will in the Circuit Court of Jefferson County, in Equity. A special plea to the contest was filed by the appellees. The special plea in substance sets up an agreement of settlement in the probate court had between Mrs. Myrtle Edison through her attorney Mr. Hollis B. Parrish and the respondents through their attorney Mr. Ormond Somerville. The plea in substance alleges that Mrs. Myrtle Edison acting through her attorney of record or agent, Mr. Hollis B. Parrish, while acting within the line and scope of his authority agreed to accept $500.00 in consideration of which the contestant in the probate court (appellant here) agreed to withdraw the contest and consented that the will be probated in accordance with law. The plea further alleges that the said $500.00 would be paid by the respondents to the complainant at the expiration of the time allowed by law for all other persons to contest said will, namely six months, and that if at the end of that time no other person should contest said will the sum of $500.00 would be paid to the complainant. The plea further alleges that pursuant to such agreement the complainant acting through her agent and attorney, Mr. Hollis B. Parrish, filed in the probate court an instrument by which she withdrew and terminated the contest and agreed that the will might be probated by law. The plea further alleges that thereafter the Probate Court of Jefferson County entered a decree that the contest was withdrawn and terminated, the costs were taxed against Mrs. Edison and the will admitted to probate.

The plea was held to be legally sufficient by the court, Equity Rule 16, Code 1940 Tit. 7, Appendix, and then there was a hearing orally before the court on the plea. Mr. Ormond Somerville testified in behalf of respondents. He testified in substance that after the demurrer to the allegations of the contest had been sustained in the probate court, Mr. Parrish as attorney for Mrs. Edison stated that he was inviting an offer of settlement. After some discussion Mr. Parrish as attorney and acting for Mrs. Edison further said: "Let me see if she won't take $500.00." Several days later he (Mr. Somerville) acting for the executor and Mr. Parrish acting for Mrs. Edison agreed to settle the contest for $500.00. The agreement was to the effect that the respondents would pay $500.00 to Mrs. Edison provided no other contests were filed during the six months allowed after probate of the will, that the contest would be withdrawn and that at the expiration of six months the money would be paid to the complainant. Mr. Somerville further testified that at the time of the hearing and at the present time the executor was and is ready, willing and able to pay the $500.00 in accordance with the agreement. It was shown that an agreement in writing signed Mrs. Myrtle Edison by Hollis B. Parrish, Jr., Atty. was filed in the Probate Court which provided that Mrs. Myrtle Edison "withdraws and terminates her contest of said will and dismisses her petition of contest and agrees that said will may be probated as required by law."

Mrs. Myrtle Edison testified only that she was the party who instituted the present suit in the equity court and that she was a sister of Mrs. Clara M. Lacey.

The court found in favor of the respondents on the plea and dismissed the bill. There was an application for rehearing and thereafter a decree overruling the application for rehearing. The appeal here is from the decree dismissing the bill.

The sufficiency of the plea is not questioned on this appeal and the assignments of error only raise questions as to the testimony of the witness Somerville, except that the ruling of the court on the application for rehearing is assigned as error. This last mentioned assignment is not insisted on in brief.

As well as we can understand the argument of counsel the action of the court in sustaining the plea is questioned on two grounds. It is contended that the attorney for the executor could not testify as to the terms of the settlement which he

360

made with the attorney for Mrs. Edison. But no reason is given for this position and we know of no good reason.

 It appears to be further contended that Mr. Hollis B. Parrish had no authority to make the settlement in the Probate Court. But the entry of the judgment in the probate court shows prima facie that, as the attorney for Mrs. Edison, he had authority to consent to the judgment of dismissal. Beverly v. Stephens, 17 Ala. 701; Hill v. Lambert, Minor 91; State v. Neuhoff, 239 Ala. 584, 196 So. 130; National Bread Co. v. Bird, 226 Ala. 40, 145 So. 462. Mrs. Edison in her testimony did not repudiate or attack in any way the agreement of settlement claimed to have been made in her behalf by Mr. Parrish, the effect of which was to terminate her right to contest the will. The mere institution of the contest in the equity court is not within itself a denial of the agreement of settlement or a repudiation thereof. Furthermore the contest in equity was not filed until about six months after the settlement agreement was made. There should have been either a timely repudiation of the settlement agreement or good excuse shown for the delay. National Bread Co. v. Bird, supra.

Affirmed.

BROWN, FOSTER and LAWSON, JJ., concur.