154 So.2d 921

**L. M. PRESTWOOD et al.**

v.

**Kenneth E. IVEY, Adm'r.**

**4 Div. 46.**

Supreme Court of Alabama.
April 4, 1963.

Rehearing Denied May 9, 1963.
Further Rehearing Denied July 11, 1963.

John C. Walters, Troy, J. Kirkman Jackson, Birmingham and J. C. Fleming, Elba, for appellants.

John W. Gibson and Oliver W. Brantley, Troy, for appellee.

GOODWYN, Justice.

This is an appeal by the defendants from a final judgment rendered on a jury verdict awarding damages for the wrongful death of appellee's intestate. The suit was styled "Kenneth Ivey, as Administrator of the Estate of Evelyn R. Ivey, deceased, plaintiff, versus L. M. Prestwood, Morris Prestwood and Clayton Prestwood, partners doing business as Prestwood Chair Company, and Willie Ray Reardon, defendants." The complaint, as last amended, consisted of two counts, both charging negligence. In answer to the complaint, and each count thereof, the defendants entered pleas of "the general issue, not guilty," and "in short by consent the general issue, with leave to give in evidence any matter which if well pleaded would be admissible in defense of this action, and to have effect as if so pleaded, and with like leave to the plaintiff to give in evidence any matter which if well pleaded would be admissible in reply to any plea of defendants and to have effect as if so pleaded." Defendants' motion for a new trial was overruled.

This is a companion case to that of L. M. Prestwood, et al. v. A. C. Ivey, as Administrator, 273 Ala. 281, 138 So.2d 713. Appellee's intestate was killed in the same accident involved in that case. The evidence in the two cases appears to be essentially the same and the questions in the instant case, except in one particular, were adequately disposed of in the other case.

The unresolved question concerns the failure of the administrator to affirmatively prove his appointment. No point as to this was brought to the attention of the trial court in any way and there was no contest or issue made in the trial court with respect thereto. In fact, in the trial court's oral charge it was stated that "Mr. Ivey here is the personal representative, that is what we call administrator." The question, being raised for the first time on this appeal, comes too late.

What was said in Southern Railway Company v. McCamy, 270 Ala. 510, 120 So.2d 695, is dispositive of the question. That case was a wrongful death action brought by an administratrix, and the defendant's plea was the general issue in short by consent. In that case the evidence clearly showed that the widow of the deceased, as his sole dependent, had the capacity to bring the suit and not the administratrix. Appellants there contended that "they were entitled to the affirmative charge because this suit was brought by one who had no authority to institute or maintain the action." The following from the McCamy case is equally applicable here, viz.:

"All that was required to obviate the error at any time during the trial was to amend the count by deleting the words 'as administratrix of the estate of William P. McCamy, deceased.'

"But this defect or error was not called to the attention of the court below. In Clancy Lumber Co. v. Howell, 260 Ala. 243, 70 So.2d 239, 242, we said:

"'* * * The functions of this court in its appellate character are strictly confined to the action of trial courts upon questions which are presented to and ruled upon by them. We cannot put a trial judge in error for failure to rule on a matter which has never been presented to, nor decided by, him. Lunsford v. Dietrich, 93 Ala. 565, 9 So. 308.'

"A case in point is Rodgers v. Walker, 18 Ala.App. 99, 89 So. 396, because the suit was by the Superintendent of Banks 'individually and not in his representative capacity.' But no objection was raised during the trial and the amendable defect or error was not called to the attention of the court, and it was held that the appellant's insistence on the affirmative charge was unavailing on appeal.

"But appellants insist that their plea in short by consent raised the defect by special plea. We agree that the matter can be raised under a plea in short, Carraway Methodist Hospital v. Pitts, 256 Ala. 665, 57 So.2d 96. 'The principle is well established that the issue of want of capacity in, or right or authority of, the plaintiff to maintain suit is matter in abatement, and that the practice prevailing in suits at law and in equity requires that when a party sued would deny the capacity in which the plaintiff (or complainant) sues, it must be done by plea (or in some cases by demurrer).' City of Prichard v. Geary, 268 Ala. 243, 105 So.2d 682, 685.

"The plea in short with leave, etc., authorized the appellants to avail themselves of any special defense to the cause of action to the same extent as if specially pleaded. Moore v. Williamson, 210 Ala. 427, 98 So. 201; United States Steel Corp. v. McGehee, 262 Ala. 525, 80 So.2d 256. But the trial court must have notice of the matter specially pleaded because we do not review a case here on a theory or on an issue different from that on which the trial was had. Southern Railway Co. v. Terry, 268 Ala. 510, 109 So.2d 919. Here, the defense of want of capacity could have been raised under the plea in short, but it was not made an issue."

█ We have held that "[t]he rule in this jurisdiction in actions at law is that, unless the capacity in which the plaintiff sues is denied by special plea, this fact need not be proved." Hicks v. Biddle, 218 Ala. 2, 4, 117 So. 688; Espalla v. Richard & Sons, 94 Ala. 159, 162–163, 10 So. 137; Clarke v. Clarke's Adm'r, 51 Ala. 498, 499. Here, there was no separate special plea denying the capacity in which plaintiff sued and, even though such a plea was available under the plea in short by consent, the defense of want of plaintiff's capacity was not made an issue in the trial court, and cannot be raised for the first time on this appeal. Southern Railway Company v. McCamy, 270 Ala. 510, 514, 120 So.2d 695.

Reversible error not appearing in any of the grounds relied on, the judgment appealed from is due to be affirmed.

Original opinion further extended on second application for rehearing.

Rehearing denied.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.