237 So.2d 648

**Mrs. T. E. LAWSON et al.**

v.

**Detrolia GARRETT et al.**

**7 Div. 880.**

Supreme Court of Alabama.

July 2, 1970.

James S. Hubbard, Anniston, Love & Love, Talladega, for appellants.

John W. Coleman, Talladega, for appellees.

MERRILL, Justice.

This appeal is from a decree quieting title to one acre of land in complainants, Detrolia Garrett and wife, Mary Virginia; other complainants are Toby Deese and Farmers Home Administration.

In December, 1900, John C. Eason and A. Lawson purchased the NW ¼ of SE ¼, Section 31, Township 18, Range 4. In August, 1906, Eason and wife conveyed to A. Lawson a strip of land lying east of the public road running from the Fowler Public Road to Fredericksburg and more particularly described as the E ½ of the NW ¼ of the SE ¼ of Section 31, etc. On the same day, A. Lawson and wife conveyed to John C. Eason a strip of land lying west to the public road running from the Fowler Public Road to Fredericksburg and more particularly described as the W ½ of the NW ¼ of the SE ¼ of Section 31, etc. Complainants Garrett claim under Eason and the respondents claim under Lawson. It is undisputed that the acre involved is in the W ½ of the quarter section, but respondents claim title by adverse possession of all land lying east of the old Fredericksburg Road in the quarter section. There is a conflict in the evidence as to where the old Fredericksburg Road actually was.

The controversy arose after the Garretts had purchased the acre of land on July 1, 1968, and contracted with Toby Deese to build a house on it for them, after having the property surveyed and borrowing $9,400.00 from appellee Farmers Home Administration, and when the house was twenty-five per cent completed, two of respondents told Deese's workmen that the house was being built on their property. The work was stopped and the bill was filed. After hearing testimony under the bill, answer and a cross bill and answer, the trial court wrote an extended opinion and decree and found, inter alia, that the complainants proved the material allegations alleged in the bill, that there was an unbroken chain of title of the Garretts and their predecessors in title and that for over fifty years the Garretts and their predecessors in title "have had actual, continuous possession of said property and have regularly assessed and paid ad valorem taxes on said real estate."

The court found that the respondents had failed to offer sufficient evidence to prove adverse possession and that the evidence showed that the Garretts and their predecessors had had actual possession of

the land described; that they had had their lines and corners surveyed and marked and that neither the Garrets nor any of their predecessors in title knew of any attempt on the part of respondents to claim title to the land before construction of the house was started; that the evidence of respondents failed to meet the burden of proof necessary to prove adverse possession and that "after hearing the evidence, the Court, at the request of the parties, visited the subject property and made a visual inspection of it in the presence of all the attorneys in the case. That this visual inspection of the land confirms the evidence offered by the complainants."

■ Assignment of error 1 charges that the court erred in sustaining an objection to a question on cross-examination of complainants' witness Swain, who evidently was being shown a picture: "Over the past 18 years have you observed that fence along the road before the fence posts began to decay?" There was objection because the witness had not testified to seeing any posts or fence. But a few questions later, the witness stated that he had never seen any fence or any posts. The error, if any, was harmless, under the rule that the exclusion of offered testimony is harmless error if the same testimony or testimony to the same effect was later allowed to be given by the witness. Garrison v. Grayson, 284 Ala. 247, 224 So.2d 606, and cases there cited.

■ Assignment 2 charges that the court erred in sustaining an objection to a question on cross-examination of complainants' witness, Easeley: "What if I told you I was down there and drove down it today at noon would you believe it?" The witness answered, "I don't know" before there was objection, but there was no error in sustaining the objection because it was not relevant whether or not the witness believed or would believe counsel for appellants.

Assignments 3 and 4 charge that the court erred in denying the separate mo-

tions of appellant Grace Patterson, and the other appellants, to exclude the evidence of complainants when they rested, on the ground that they had not made out a prima facie case and that the jurisdictional averments had not been proved. There was no specification as to what these averments were.

■ The granting of a motion to exclude the evidence of plaintiff after he has rested is never proper in civil cases in this jurisdiction, although the trial court will not be put in error in granting such motion, even though procedurally improper, where plaintiff's evidence does not make out a prima facie case. Jack Cole Co. v. Hays, 281 Ala. 118, 199 So.2d 659; Robinson v. Morrison, 272 Ala. 552, 133 So.2d 230; Stewart v. Peabody, 280 Ala. 5, 189 So.2d 554; McElroy, Law of Evidence in Alabama, 2d Ed., Vol. 3, § 449.04, p. 258.

■ The affirmative charge is the proper method to raise the question in cases at law. Mazer v. Brown, 259 Ala. 449, 66 So.2d 561.

Assignment of error 5 was not argued in brief and is deemed waived. Supreme Court Rule 9.

■ Assignment 6 charges error in the sustaining of an objection to a question on direct to appellants' witness, Parks: "Who has been in possession in any way of that area?" (This probably referred to the property involved). The objection was that the question called for a conclusion of the witness. The trial court erred in sustaining the objection if it was sustained on the ground given in the objection.

■ Possession is a collective fact to which a witness may testify, and a witness may properly answer a question inquiring, "Who was in actual possession of the land involved?" Burkett v. Newell, 212 Ala. 183, 101 So. 836; Cooper v. Slaughter, 175 Ala. 211, 220, 57 So. 477.

■ However, we are convinced that the exclusion of this evidence did not inju-

riously affect any substantial rights of appellants. Just a few questions prior to the one here in question, the following occurred:

"Q Directing your attention to the specific part of the land on the east side of that public road where this house is being constructed, I'll ask you if you have any knowledge of who has been in possession of that property for the time you have known it?

"A Mr. Lawson."

Subsequent questions developed that the witness was referring to Tom Lawson, a son of A. Lawson. He further testified that it was farmed and fenced by Tom Lawson.

The question could have been properly objected to on the ground that it was repetitious; but, assuming, without deciding that the court erred, it was harmless error for the court to exclude evidence where such evidence was admitted at another time and in another form. Decker v. Hays, 282 Ala. 93, 209 So.2d 378.

The remaining assignments of error 7, 8 and 9 read:

"7. The Court erred in its final decree dated September 26, 1969, as contrary to the evidence in the case.

"8. The Court erred in that the evidence in the case as shown by deeds that the Fredericksburg Public Road was the boundary line in the NW ¼ of the SE ¼ of Section 31, Township 18, Range 4, Talladega County, Alabama.

"9. The Court erred in its final decree in that the evidence showed appellants to have been in possession of all of the land lying east of the Fredericksburg Public Road in the NW ¼ of the SE ¼ of Section 31, Township 18, Range 4, Talladega County, Alabama."

■■ These assignments are argued together in brief and there are two reasons

why 8 and 9 are without merit. First, appellants' deed "more particularly described" their land as the E ½ of the NW ¼ of the SE ¼ of Section 31, etc. and the disputed acre was not within that description. Secondly, the parties requested the trial judge to visit and inspect the land with all the attorneys in the case. His conclusion was— "this visual inspection of the land confirms the evidence offered by the complainants." We are not told what the court saw, but this personal inspection of the property before making its findings of fact is an additional reason why the decree is reviewed here as if it were the verdict of a jury and will not be disturbed unless plainly wrong. Miles v. Moore, 262 Ala. 441, 79 So.2d 432; McNeil v. Hadden, 261 Ala. 691, 76 So.2d 160. We cannot say the trial court's findings were plainly wrong.

■ We agree with appellants that there was no averment in the bill that "no suit is pending to enforce or test the validity of such title, claim or encumbrance." Tit. 7, § 1109, Code 1940. No ground of the demurrer raises the point, but whether or not it was so raised, no assignment of error relates to the overruling of the demurrer to the bill. Appellants did charge generally that a prima facie case had not been made and that the jurisdictional averments had not been proved in their motions to exclude the evidence when complainants rested, but we have already shown that the court's ruling on the motions did not constitute reversible error. No further attempt was made to raise the point, either at the conclusion of the evidence of both sides or in the assignments of error. The first mention of the specific point is in appellants' brief.

In Seeberg v. Norville, 204 Ala. 20, 85 So. 505, where a demurrer had been sustained to a bill which could only be sustained as a bill to quiet title under the statute, this court stated that the complainant must aver that he was in peaceable possession and that no suit was pending, and then said:

"While these facts do not appear by affirmative averments, yet the averments of the bill show that the complainant was in the actual possession of the lands, claiming them as his, and exercising acts of ownership over them, on the date of the execution of the deed (February 19, 1918), and the bill was filed April 27, 1918.

"It is further averred that, while the respondent Norville holds said deed, and on the faith thereof has executed a mortgage to Kelly, both of which have been entered of record, the said Norville has taken no steps to acquire possession. The necessary inference from these averments is that the complainant was in possession at the time of filing the bill, and that no suit is pending to test respondents' rights. Therefore the general demurrer for want of equity was not well taken, and should have been overruled, and the respondents put to more specific demurrer. * * *"

Here, the averments of the bill, the answer, the cross bill and answer thereto, and all the evidence necessarily infer that no suit was pending and this was the first contest, claim or dispute that had arisen since the division of the forty acres in 1906. The cause was tried by all parties on this basis and was so treated by the court. In the absence of a specific objection, bringing the omission to the attention of the trial court, we will not, ex mero motu, reverse on a point raised in brief on appeal for the first time.

The functions of this court in its appellate character are strictly confined to the action of trial courts upon questions which are presented to and ruled upon by them. We cannot put a trial judge in error for failure to rule on a matter which has never been presented to, nor decided by, him. Southern Railway Co. v. McCamy, 270 Ala. 510, 120 So.2d 695; Prestwood v. Ivey, 275 Ala. 336, 154 So.2d 921.

No reversible error is presented by any of the assignments of error.

Affirmed.

LIVINGSTON, C. J., and LAWSON, HARWOOD and MADDOX, JJ., concur.