FAULKNER, Justice.
This is an appeal from an order of the Circuit Court of Tallapoosa County, overturning a will. We dismiss the appeal.
This action arose from a will contest filed by Herman C. Burton. The jury held an alleged will of Minnie B. Spain dated January 11, 1975, void. Mary B. Owens’ motion for new trial was denied. An alleged settlement was reached, whereby all attorneys’ fees would be paid and she would not appeal the case, or contest a will dated September 12, 1972. Judgment on the agreement was entered January 6, 1976.
On February 14, Ms. Owens, having employed new counsel, filed a notice of appeal. After numerous continuances to await the decision on the appeal, the 1972 will was probated June 1 with the alleged consent of Ms. Owens’ attorney.
On June 14, Mr. Burton filed a motion to dismiss the appeal. This Court remanded to the Circuit Court with directions to hold an evidentiary hearing and make a finding of fact to be submitted to this Court. Such finding of fact was filed, and on August 17, this Court ordered Ms. Owens to show cause why this appeal should not be dismissed on Mr. Burton’s motion.
The issue is whether Ms. Owens can appeal the Circuit Court ruling when she, through her attorney of record, agreed not to appeal the case or contest the 1972 will.
Ms. Owens waived her right to appeal by consenting to the judgment of the lower court. See Sayre v. Dickerson, 278 Ala. 477, 179 So.2d 57 (1965). The judgment states, “The verdict of the jury against the will and the judgment rendered thereon is now final by agreement of the parties.” (Emphasis added.)
In order to properly put into issue the correctness of the Circuit Court judgment, Ms. Owens must first have attacked it in trial court. Prestwood v. Ivey, 275 Ala. 336, 154 So.2d 921 (1963). Ms. Owens can no longer move the Circuit Court to vacate judgment because the 30-day period allowed for such motions has expired. Rule 59(e) ARCP. Similarly, Rule 60(b) of ARCP, allowing relief from judgment for fraud, is of no value to Ms. Owens now, as the 4-month period for such motions has already expired. Because she did not, and now cannot, raise the judgment as an issue in trial court, she cannot raise it on appeal.
An agreement not to appeal the Circuit Court judgment and not to contest the prior will is not void as against public policy. The agreement was in writing, signed by the attorney of record of Ms. Owens, and was given in exchange for an agreement that the attorneys’ fees would be paid out of the estate.
By the great weight of authority, a party by express agreement may waive her right to appeal and such agreement will be enforced by dismissal. 4 C.J.S. Appeal and Error § 210 (1957).
Agreements not to contest a will are also not void as against public policy but are favored. 80 Am.Jur.2d Wills § 1104 (1975). An action contesting a will brought 6 months after an agreement and settlement is due to be dismissed in the absence of timely repudiation of the agreement or good excuse shown for the delay. Edison v. Russell, 255 Ala. 358, 51 So.2d 248 (1951). By agreeing to probate the 1972 will, Ms. Owens waived her right to appeal the judgment of the Circuit Court against the 1975 will. (Title 61, § 64 of the Code of Alabama [1958] does not apply here as Ms. Owens not only agreed not to contest the prior will, but she also consented to the probate of the will.)
*26 Because Ms. Owens waived her right to appeal, we need not and do not reach the issue of whether appeals in will contests are governed by Title 61, § 63 of the Code of Alabama (1958) or by Rule 4(a) of the Alabama Rules of Appellate Procedure.
Mr. Burton is not barred by laches from moving to dismiss the appeal. Ms. Owens has failed to show such a substantial change of circumstances or such a passage of time as to make laches applicable. See Wise v. Helms, 252 Ala. 227, 40 So.2d 700 (1949).
THIS APPEAL IS DISMISSED.
HEFLIN, C. J., and MADDOX, SHORES and BEATTY, JJ., concur.