ROBERTSON, Presiding Judge.
At the outset we note that this case was originally filed in the Supreme Court of Alabama. However,' the supreme court transferred it to this court. Although there are multiple aspects of this appeal, it began as an appeal from the denial of a rezoning request to circuit court and a claim for damages in the amount of five million dollars. The City of Mountain Brook, a legislative body, voted to deny Walter F. Scott and Andrew C. Scott’s request to rezone certain property. The Scotts then appealed the zoning issue to the trial court. After an ore tenus proceeding, the trial court found that Mountain Brook’s denial of the requested rezoning was arbitrary and capricious.
The Scotts and Mountain Brook entered into a written agreement whereby Mountain Brook would not appeal the trial court’s final judgment concerning the zoning issue. In fact, the Scotts paid Mountain Brook $7,500 for that agreement. Nevertheless, despite this written agreement, Mountain Brook has appealed the trial court’s judgment by cross-appeal after the Scotts filed an appeal from the trial court’s dismissal of all 42 U.S.C. § 1983 *1030 claims three years earlier. The Scotts had claimed five million dollars in damages against Mountain Brook pursuant to § 1983.
We first address the Scotts’ Rule 38, A.R.App.P., motion to dismiss Mountain Brook’s cross-appeal. After a judgment is entered, a party may agree to waive his right to appeal. 4 C.J.S. Appeal and Error § 210. Such an agreement is binding and will be enforced by the appellate courts by dismissing the appeal if one is filed. Appeal and Error. Here, Mountain Brook waived its right to appeal by consenting to the judgment and accepting $7,500 in return for its agreement not to appeal. Such an agreement is not void as against public policy. Owens v. Burton, 340 So.2d 24 (Ala.1976). Furthermore, Alabama law recognizes that a party, by express agreement, may waive his or her right to appeal, and that such an agreement will be enforced by dismissal. Owens.
In view of the above, Mountain Brook’s cross appeal is due to be dismissed, and pursuant to Rule 38, we award damages in the amount of $7,500 and single costs to the Scotts and against Mountain Brook.
We now address the Scotts’ appeal of the dismissal of the five million dollar § 1983 claim against Mountain Brook. This court is a court of limited jurisdiction. Const.Amend. No. 328, § 6.03. Ala.Code 1975, § 12-3-10. For jurisdictional purposes, where there is a recovery in the trial court, the amount of the recovery shall be deemed the amount involved, and where there is no recovery, the amount claimed shall be deemed the amount involved. § 12-3-10. In this case, the amount claimed ($5,000,000) was well over the $10,000 jurisdictional limit placed on this court by the legislature, and we find that the improper cross-appeal was insufficient to invoke the jurisdiction of this court. Consequently, being without jurisdiction, we dismiss the appeal.
APPEALS DISMISSED.
THIGPEN, J., concurs in the result.
RUSSELL, J., dissents.