PER CURIAM.
This case involves an appeal by the plaintiffs, Walter F. Scott, Jr., and Andrew C. Scott, of the dismissal of a 42 U.S.C. § 1983 action and a cross-appeal by the defendants, the City of Mountain Brook and others (“Mountain Brook”). Mountain Brook’s cross-appeal was from a judgment granting equitable relief in the same case, which judgment may have led to § 1983 liability on the part of Mountain Brook if the Scotts were sucessful on appeal. Therefore, Mountain Brook’s cross-appeal was a defensive response to the Scotts’ appeal.
This case is before us on petitions of both the Scotts and Mountain Brook for a writ of certiorari to review the judgment of the Court of Civil Appeals; that judgment dismissed the Scotts’ appeal and awarded the Scotts $7,500 against Mountain Brook, 603 So.2d 1028, under the frivolous appeals provisions found in Ala.R.App.P. 38.
Most of the matters and facts that relate to this case are not pertinent to its just resolution. Therefore, our focus in this discussion shall be considerably narrowed from that of the parties’ arguments.
Specifically, the question before us is whether the parties to this action have previously settled their respective claims, in toto, waiving by agreement any right to appeal.
The Court of Civil Appeals held that Mountain Brook had waived, by a settlement agreement with the Scotts, any right to appeal. As stated, Mountain Brook had filed a cross-appeal on the Scotts’ appeal of the judgment in the § 1983 action. In Mountain Brook’s view, the Scotts’ appeal breached an agreement of the parties that no party would appeal, and therefore, in its view, it was both entitled to, and forced to, defend itself by cross-appeal. Holding that the Scotts had not waived a right to appeal by that agreement, but that Mountain Brook had, the Court of Civil Appeals dismissed Mountain Brook’s appeal and awarded the Scotts $7,500 on a determination that Mountain Brook had filed a frivolous appeal. Then the court dismissed the Scotts’ appeal, holding that it lacked jurisdiction to hear their appeal because the amount in controversy on the § 1983 claim exceeded the court’s jurisdictional amount.
The controversy underlying this case arose from Mountain Brook’s refusal to rezone property owned by the Scotts. The Scotts sued Mountain Brook, seeking damages for an alleged violation of § 1983 and, as part of the same lawsuit, seeking equitable relief to force Mountain Brook to rezone the property. The trial court ruled conditionally in favor of the Scotts on the rezoning demand but had earlier dismissed their § 1983 claim on a preanswer motion to dismiss filed by Mountain Brook. The trial court cited the Scotts’ failure to plead a cause of action under § 1983. For example, the trial court determined that it affirmatively appeared from the language of *1032 the Scotts’ § 1983 claim that the Mountain Brook defendants were immune from a § 1983 suit.
The Scotts did not request a reconsideration of this dismissal or restate this claim in different terms.
As a condition of rezoning, the Scotts were to submit their plans for improvements on the property to the trial court for approval. The plans submitted by the Scotts differed from those they had represented to the court when it agreed to rezoning. This precipitated a controversy in the trial court, largely because the proposed plans would potentially cost Mountain Brook more in terms of municipal improvements, e.g., traffic lights, than the tentative plan the Scotts had represented at the time of the court’s ruling.
Thereafter, the following exchange occurred in the trial court:
“Counsel for the Scotts: Our people are willing to pay $7,500 to ... Mountain Brook — they can take the $7,500 and do what they want with it — the further agreement that the [plan] covenants will be entered like we have agreed and there will be no appeal taken in this case.
“The Court: Well, you [the Scotts] have already agreed to $7,500, haven’t you?
“Counsel for the Scotts: That was an offer made to us.
“Representative of Mountain Brook: I think we can make [sic] that offer.
“Counsel for Mountain Brook: That’s right. We made that as a counterpropo-sal.
“Representative of Mountain Brook: I might get fired by the mayor, but go ahead.
“The Court: Well, we have settled it.”
The record indicates that Andrew Scott was present during this exchange, as was Walter Scott III, a representative of Walter Scott, Jr. Counsel for the Scotts had stated, leading up to this exchange, and in the presense of Walter Scott III and Andrew Scott, that “[W]e don’t want an appeal. An appeal would mean another 12, 15, 16, 18 months.”
The record shows that Andrew Scott and Walter Scott III were active participants in these discussions with the court. At no time did their comments purport to suggest, even implicitly, that they did not wish to settle the entire lawsuit, including any appeals. To the contrary, they indicated a desire for a speedy resolution of the lawsuit, without qualification.
The Court of Civil Appeals stated that the agreement of the parties included a promise, only by Mountain Brook, not to appeal. A “written agreement,” which was created after the courtroom settlement, has been referred to by the Court of Civil Appeals and by the Scotts. This purported “written agreement” consists of a letter from the attorney for Mountain Brook, confirming many, but not referring to all, of the parties’ obligations under the settlement stated on the trial court record. None of the passages of this letter that the Scotts have pointed to purports to state that the terms of the courtroom settlement were thereby modified to exclude any terms not expressly referred to therein.
However, evidently by negative inference, the Scotts argue that the letter incorporated all the terms of the settlement and that, because it did not in any way address the Scotts’ right to appeal, there was no waiver. To accept this theory would be to drastically modify the courtroom settlement agreement, based solely on negative inferences from a letter signed only by counsel for Mountain Brook.[1]
*1033 We conclude that this letter was merely a post-agreement confirmation, by Mountain Brook, of some of the terms of the settlement reached and concluded on the trial court record.
In the absence of any clear modification of the settlement agreement, and given the plain pronouncement of the Scotts’ attorney that they agreed to pay Mountain Brook $7,500 and that “there will be no appeal taken” and the trial court’s conclusion, without objection, that the lawsuit was settled, we reach the same conclusion. Whatever the Scotts’ subjective intention, the clear outward manifestations of their intentions, as indicated by the record, indicate that the parties did not intend for anyone to have the right to appeal from the Scott lawsuit.[2]
We reject the Scotts’ argument that their attorney lacked the authority to settle their lawsuit. See Jones v. Stedman, 595 So.2d 1355 (Ala.1992).
We agree with Judge Russell, who dissented in the Court of Civil Appeals, when he stated that the Scotts’ appeal of the § 1983 issue was “due to be dismissed ... because the record is clear ... that the case was settled and that the parties waived their right of appeal and cross-appeal.” Scott v. City of Mountain Brook, 603 So.2d 1028 (Ala.Civ.App.1991).
The judgment of the Court of Civil Appeals is affirmed to the extent that these appeals were dismissed.
The award of $7,500 in favor of the Scotts is due to be reversed, based on our determination that the Scotts had waived their right to appeal. Having waived their own right to appeal, they could not, therefore, complain that Mountain Brook brought a frivolous appeal, when Mountain Brook’s appeal was precipitated by, and directed toward, their own wrongful action.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
MADDOX, HOUSTON, KENNEDY and INGRAM, JJ., concur.
HORNSBY, C.J., and ADAMS and STEAGALL, JJ., concur in the result.

. Moreover, the Scotts’ theory that the letter, rather than the courtroom settlement, controls, is inconsistent with the Scotts’ contention that Mountain Brook waived any right of appeal. Mountain Brook candidly acknowledges that under the courtroom agreement it waived any right to appeal. However, if one accepts the passages of the letter cited by the Scotts as the true settlement agreement, one must conclude that Mountain Brook did not waive its right to cross-appeal. Mountain Brook has appealed from the conditional order entered prior to this letter. The letter, as the Scotts quote it, refers only to Mountain Brook’s waiver of a right to appeal an order “to be entered.” Thus, if we accepted the Scotts’ view that terms not stated in the letter were not part of the agreement, we would be compelled to find that Mountain *1033 Brook had not waived its right to the cross-appeal.

. We observe that it is unreasonable to assume, without some clear evidence to so demonstate, that Mountain Brook intended to enter a settlement agreement so one-sided as to foreclose its ability to appeal, thereby leading to potential liability under § 1983 if the Scotts appealed, while leaving the Scotts free to pursue an appeal on the § 1983 action. Such a settlement would have posed only a nominal gain to Mountain Brook while exposing it to a significant risk of future liability. Even had Mountain Brook been in an inferior bargaining position, such a settlement would have been contrary to its interests. However, the record indicates that because of time constraints on the Scotts and some apparent displeasure by the trial court over their changing plans, rightly or wrongly, it appears that Mountain Brook was in a superior bargaining position at the time the settlement was reached.