SHORES, Justice.
This case concerns whether Gary Rigney is entitled as a matter of law to a $50,000 finder’s fee to be paid out of construction contract proceeds in which Patel Partners (“Patel”) has an interest. The Madison County Circuit Court entered a partial summary judgment for Rigney; the court made that judgment final pursuant to Rule 54(b), A.R.Civ.P. Patel appeals; we affirm.
In 1987, Davis International, Inc. (“Davis”), entered into a construction con *372 tract with the United States Feed Grains Council (“USFGC”). Davis needed financing for the project and agreed to pay Rig-ney a $50,000 finder’s fee if Rigney could find investors for the job. Rigney found Federated Investors (“Federated”), and, in September 1987, Davis entered into a joint venture agreement with Federated. Davis and Federated agreed that the order of payment from the proceeds of the construction contract would be as follows, reading in pertinent part:
“5. From the proceeds received for the U.S. Feed Grains Council under the Project, periodic disbursements from the joint account shall be made as follows:
[[Image here]]
“e. Fifth, a fee in the sum of Fifty Thousand ($50,000.00) Dollars shall be paid to attorney Gary Rigney chargeable to the share of DA VIS under paragraph (g) below. [Emphasis added.]
[[Image here]]
“g. Seventh, the remaining proceeds shall be distributed among the parties with DAVIS receiving sixty percent (60%) of the proceeds and the remaining forty percent (40%) being payable to F.I.; PROVIDING HOWEVER, that a reserve balance shall be maintained in the joint account in an amount equal to One Hundred Fifty Thousand ($150,000) Dollars plus an amount equal to any outstanding credit facilities or guaranties incurred by the parties in the performance of the Project contract.”
On March 18, 1988, Davis and Federated amended the joint venture agreement to ensure payment to Rigney by collaterally assigning $50,000 from the proceeds of the contract with USFGC.
Davis subsequently needed more financing. In July 1989, Patel replaced Federated on the contract, thus providing financial and supervisory assistance to Davis. While this was being negotiated, Patel consulted Rigney about the agreement. Rig-ney tried to put a clause in the agreement holding Patel, along with Davis, responsible for the payment of Rigney’s claim. Patel told Rigney that it would not assume that payment duty, that Davis would remain solely liable for the claim, and that the claim would not be paid out of the construction contract proceeds.
A provision was then put in the agreement regarding the order of disbursement of the proceeds received under the contract, reading in pertinent part as follows:
“3. All proceeds received from the U.S. Feed Grains Council shall be deposited in an account bearing the name of Mercantile Joint Venture, the Joint Venture composed of DAVIS INTERNATIONAL, INC. and PATEL PARTNERS. All disbursements from the account shall bear the signatures of representatives of both DI and Partners. Disbursements from the joint venture shall be applied in the following order:
[[Image here]]
“(c) Third, the lien or collateral interest existing against all proceeds or contract receivables derived under Task #4 from the said Feed Grains contract described in paragraph 3 of that certain Agreement dated March 18, 1988, a copy of which is attached as Exhibit ‘C\ shall be paid as noted under March 18, 1988 Agreement.” (Emphasis added.)
Stated otherwise, Rigney’s claim was still to be paid out of Davis’s share of the construction contract proceeds, as was originally agreed between Davis and Federated. Thereafter, Patel assumed Davis’s duties and obligations under the contract, and, in July 1990, Davis assigned to Patel its right to all proceeds under the contract for taking over performance of the contract.
Rigney filed a UCC-1 form for the contract proceeds in the District of Columbia in or about October 1990, and in December he first notified USFGC that he claimed an interest in the proceeds. Rigney claims he also filed a UCC-1 in Alabama, but it was not attached to his affidavit. In February 1991, Patel entered into a settlement agreement with the various parties to terminate the construction contract, and the $50,000 was placed in escrow during litigation.
On March 25, 1991, Rigney sued Patel, Davis, USFGC, the Merchantile Joint Venture, and the American Soybean Associa *373 tion. In his complaint, Rigney requested declaratory relief as to the respective parties’ right to the funds. Patel answered, denying all allegations. In August, Rigney filed a motion for summary judgment, and on November 22, 1991, the court entered a partial summary judgment for Rigney awarding him the $50,000 being held in escrow, stating:
“This cause having come before this Court on the Motion for Summary Judgment of the plaintiff, the affidavit of the plaintiff, Motion for Summary Judgment, all the pleadings of the parties including specifically plaintiffs complaint seeking declaratory and other relief, and all lawful evidence presented by said parties. Oral arguments having been heard on this matter on the 20th day of September 1991, this court finds that there is no genuine issue of material fact and that the plaintiff is entitled to a partial summary judgment against defendant, Patel Partners, as a matter of law.
“Based on the foregoing and in response to plaintiffs Claim Five for declaratory judgment, the court ascertains, determines, and finds as follows:
“1. That defendant, Davis International, Inc., is indebted to plaintiff in the amount of $50,000.00, plus interest at the statutory rate of 6% from March 25,1991 (being the date this action was filed), in the sum of $1,964.38.
“2. That such indebtedness is secured by a perfected security interest in favor of plaintiff in the contract receivables from American Soybean Association (‘ASA’) and United States Feed Grains Council (‘USFGC’) and the cash proceeds thereof (including the $50,-000.00 escrowed by defendants ASA and USFGC to cover plaintiff’s claim);
“3. That plaintiff’s claim to, and perfected lien in, the said escrowed $50,-000.00 is superior to the claims of defendant, Patel Partners;
“4. That plaintiff is entitled to enforce its lien on the escrowed $50,-000.00 and any interest earned thereon; and
“5. That defendants, ASA and USFGC, as escrow agents shall release said $50,000.00 to plaintiff.”
We must determine whether the trial court erred in entering the partial summary judgment for Rigney. Rule 56, A.R.Civ.P., sets forth a two-tiered standard for determining whether to enter a summary judgment. In order to enter a summary judgment, the trial court must determine: 1) that there is no genuine issue of material fact, and 2) that the moving party is entitled to a judgment as a matter of law. In determining whether a summary judgment was properly entered, the reviewing court must view the evidence in a light most favorable to the nonmovant. See Turner v. Systems Fuel, Inc., 475 So.2d 539, 541 (Ala.1985); Ryan v. Charles Townsend Ford, Inc., 409 So.2d 784 (Ala.1981). Rule 56 is read in conjunction with the “substantial evidence rule” (§ 12-21-12, Code 1975), for actions filed after June 11, 1987. See Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). In order to defeat a properly supported motion for summary judgment, the plaintiff must present “substantial evidence,” i.e., “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
We have carefully examined the record in this case. The documents before the trial judge support his findings that (1) Davis International, Inc., is indebted to the plaintiff in the amount of $50,000, plus interest at the statutory rate of 6% from March 25, 1991 (that being the date this action was filed), in the sum of $1,964.38; (2) that that indebtness is secured by a perfected security interest in favor of the plaintiff in the contract receivables from American Soybean Association (“ASA”) and United States Feed Grains Council (“USFGC”); (3) that the plaintiff’s claim to, and perfected lien in, the said escrowed $50,000 is superior to the claims of the defendant, Patel Partners, because Patel was a non-secured transferee who gave *374 value prior to Rigney’s having perfected the security interest.
On motion for summary judgment, when the movant makes a prima facie showing that no genuine issue of material fact exists, as in the present case, the burden shifts to the nonmovant to show “substantial evidence” in support of his position. Bean v. Craig, 557 So.2d 1249, 1252 (Ala.1990); Specialty Container Mfg., Inc. v. Rusken Packaging, Inc., 572 So.2d 403, 403-04 (Ala.1990). Patel has failed to meet this burden.
We note that Patel’s briefs attempt to argue issues that were not raised at the trial level. It is settled law that in order to secure a reversal, the appellant has an affirmative duty of showing error upon the record. Head v. Triangle Construction Co., 274 Ala. 519, 150 So.2d 389 (1963); Prestwood v. Ivey, 275 Ala. 336, 154 So.2d 921 (1963); Ray v. Midfield Park, Inc., 293 Ala. 609, 308 So.2d 686 (1975); Fox v. Title Guaranty & Abstract Co. of Mobile, Inc., 337 So.2d 1300 (Ala.1976); Tucker v. Nichols, 431 So.2d 1263 (Ala.1983); Smith v. Equifax Services, Inc., 537 So.2d 463 (Ala.1988).
For the reasons stated above, we conclude that the trial court properly entered the partial summary judgment awarding Rigney the $50,000 finder’s fee. That judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.