RICHARD L. HOLMES, Retired Appellate Judge.
In August 1989 James E. Jeffers and his wife, Janie Lorene Jeffers (plaintiffs) filed an action to quiet title to 80 acres of land located in Covington County, Alabama, pursuant to Ala.Code 1975, § 6-6-540.
The original complaint named five defendants. Thereafter, other defendants were added by amendment to the cause of action as indispensable parties. At the time of trial, there was a total of 20 defendants, each making claims to all or a portion of the 80 acres of land under various theories.
The case was tried without a jury. After hearing the testimony and reviewing the evidence presented, the trial court issued an order, wherein it determined that the title held by the plaintiffs was free of any right, title, interest, or encumbrance claimed by the defendants. The defendants filed a motion for new trial, which was denied.
The defendants appeal. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
The dispositive issue is whether the trial court erred to reversal when it determined that the title of the plaintiffs was free of any right, title, interest, or encumbrance claimed by the various defendants.
Section 6-6-540 provides in pertinent part:
“When any person is in peaceable possession of lands, whether actual or constructive, claiming to own the same, in his own right ... and his title thereto, or any part thereof, is denied or disputed or any other person claims or is reputed to own the same, any part thereof, or any interest therein ... and no action is pending to enforce or test the validity of such title, claim, or encumbrance, such person ... so in possession, may commence an action to *742 quiet title to such lands and to clear up all doubts or disputes concerning the same.”
It is well settled that the trial court’s determination in a case presented ore tenus will not be disturbed on appeal unless such determination is plainly erroneous. Denson v. Gibson, 392 So.2d 523 (Ala.1980). However, in an action to quiet title, there are certain criteria which must be proven or the action is due to be dismissed. Denson, 392 So.2d 523. The requirements which must be met in order to quiet title under § 6-6-540 are peaceable possession and a claim of title, not actual ownership. Mt Gilead Church Cemetery v. Woodham, 453 So.2d 362 (Ala. 1984).
Our supreme court in Denson, 392 So.2d at 524, stated that “one is in peaceable possession as opposed to scrambling possession when at the time of the suit no other party is denying the fact of complainant’s possession.” (Emphasis in original.) In Mt. Gilead Church Cemetery, 453 So.2d at 365, our supreme court also stated that “[i]solated acts by the defendant, indicating possession but not amounting to interference with plaintiff’s peaceable possession, do not defeat plaintiffs claim.” Our supreme court has also indicated that the determination of whether one is in peaceable possession must be decided on a case-by-case basis. Denson, 392 So.2d 523.
The present case involves 80 acres of land located in Covington County, Alabama. The parties involved in this ease are descendants of two sisters, whose father, John L. Jeffers, owned this 80 acres. John L. Jeffers died in 1929 and was survived by six children. It is not necessary to the resolution of this appeal to set out in detail the facts surrounding the appeal.
When we view the record with the attendant presumptions accorded the trial court, the following pertinent facts are revealed: John L. Jeffers (grandfather) is the grandfather of James E. Jeffers. The plaintiffs moved into the grandfather’s house, which was located on the 80 acres, in 1948. While living in the grandfather’s house, the plaintiffs constructed a small house on the “north 40” of the 80 acres. The plaintiffs moved into this house in 1949. Through the years, the plaintiffs made improvements and added several rooms to this house.
The record also reveals the following: Although the plaintiffs lived in Stapleton, Alabama, from 1960 until approximately 1970, they left the house on the “north 40” furnished. The plaintiffs would return to the house on weekends for recreational purposes, as well as to perform any necessary repairs to the property, as they planned to use this house as their retirement home. The house had electric service from 1952 (when electric service reached the area) until the present. The plaintiffs maintained the fences around the entire 80 acres and rebuilt the fences, when necessary. The plaintiffs rented the property and also gave permission for one of the cousins to run cattle on the property along side the cattle belonging to the plaintiffs. The plaintiffs paid the taxes on the property.
It appears from our review of the record that while some of the defendants may have visited the property on occasion, no one disputed the plaintiffs’ right to the property until an oil company drilled a producing well on the property.
Suffice it to say that the judgment of the trial court is supported by the evidence. Therefore, for this court to reverse would require that we substitute our judgment for that of the trial court. This, the law does not permit.
This case is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.